IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

RODOLFO PENA,

    Plaintiff,

vs.

CASE NO.: 12-CA-1700 CI

AMERICAN HOME MORTGAGE
SERVICING, INC.,

    Defendant.

_____/

### DEFENDANT AHMSI'S MOTION TO DISMISS COMPLAINT

Defendant, AMERICAN HOME MORTGAGE SERVICING, INC., ("AHMSI"), hereby moves to dismiss the Complaint filed by Plaintiff, RODOLFO PENA, ("Plaintiff"), and states as follows:

#### I. Summary of Argument

Well established law holds that Plaintiff cannot maintain his claims for declaratory judgment and breach of contract pursuant to a trial period plan agreement extended under the Home Affordable Modification Program, ("HAMP"). HAMP does not provide a private right of action and Plaintiff's claims therefore fail as a matter of law. Courts that have addressed identical allegations have unanimously held that claims for declaratory judgment and breach of contract under these circumstances must be dismissed.

Further, Plaintiff never entered into any enforceable modification agreement with AHMSI. Any final contract was contingent upon Plaintiff completing all of the payments required under the HAMP trial period. Thus, no enforceable contract was ever created because (i) the performance of a preexisting duty does not constitute consideration necessary to support a valid contract, and (ii) the Florida Banking Statute of Frauds requires that a credit agreement be

1

signed by the debtor and creditor. Here, Plaintiff had a preexisting duty to make payments under the mortgage loan he claims was modified by AHMSI, and the trial period plan agreement *is* therefore invalid for lack of consideration. Additionally, the trial period plan agreement was not executed by AHMSI, and pursuant to the Florida Banking Statute of Frauds, is therefore not a valid contract. For these reasons, as further discussed below, Plaintiff's Complaint and this action must be dismissed with prejudice.

## II. Background of Case

AHMSI is the servicer of Plaintiff's mortgage loan. Plaintiff alleges that on March 5, 2010, he entered into a "loan modification agreement" under which his monthly mortgage payments and interest rate were reduced.[1] Plaintiff further alleges that AHMSI breached the "loan modification agreement" by increasing the loan's interest rate in April 2011.[2] As a result of this alleged breach, Plaintiff filed suit against AHMSI for (1) declaratory judgment, and (2) breach of contract. Through both counts of his Complaint, Plaintiff seeks to extinguish the mortgage loan and his obligations under the loan.[3]

The exhibits attached to Plaintiff's Complaint establish that the parties did not enter into a permanent "loan modification agreement" as Plaintiff's misleadingly alleges. Rather, the agreement at issue is a *trial period* plan offered to Plaintiff under HAMP.[4] Specifically, a letter sent by AHMSI to Plaintiff on February 23, 2010, which enclosed a Home Affordable Modification Agreement, advised Plaintiff that "if you comply with the terms of the Home Affordable Modification Trial Period Plan, we will modify your mortgage loan and waive all

---

[1] *See* Compl., ¶¶ 5-6, a copy of which is attached hereto as Exhibit "A."

[2] *See id.* at ¶ 8.

[3] *See id.* at ¶¶ 15 and 23.

[4] *See* composite Exhibit "1" to Complaint.

2

prior late charges that remain unpaid."[5] Plaintiff fails to attach an enforceable agreement to his Complaint, and solely relies on the HAMP trial period plan.

### III. Standard for Motion to Dismiss

"When ruling on a motion to dismiss, the trial court may look no further than the four corners of the complaint, and all allegations in the complaint must be accepted as true." *Nevitt v. Bonomo*, 53 So. 3d 1078, 1081 (Fla. 1st DCA 2010); *see also Locker v. United Pharm. Group, Inc.*, 46 So. 2d 1126 (Fla. 1st DCA 2010) (for determination of motion to dismiss, trial court limited to 4 corners of complaint); *McKinney-Green, Inc. v. Davis*, 606 So. d 393 (Fla. 1st DCA 1992) (appellate court reviews dismissal of complaint with same standard as trial court-i.e., appellate court accepts factual allegations of complaint as true). However, where an exhibit contradicts the allegations of a complaint, the exhibit controls over the allegations. *Morales v. All Right Miami, Inc.* 755 So. 2d 198 (Fla. 3d DCA 2000)(citing *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So.2d 490, 494 (Fla. 3d DCA 1994)(where exhibits contradict complaint allegations plain meaning of exhibits control)).

### IV. Argument and Memorandum of Law

#### A. Plaintiff Fails to State a Cause of Action for Declaratory Judgment or Breach of Contract Because a Private Right of Action Does not Exist Under HAMP.

Plaintiff's declaratory judgment and breach of contract claims stem from AHMSI's alleged breach of a trial period plan agreement (the "TPP agreement"), which was allegedly extended to Plaintiff by AHMSI pursuant to HAMP. Despite Plaintiff's contentions, the Eleventh Circuit Court of Appeals and Florida federal courts addressing identical claims have unanimously held that such claims must be dismissed because HAMP does not provide for a private right of action.

---

[5] *See id.*

3

For example, in *Nelson v. Bank of America, N.A.*, the plaintiff alleged that she entered into a TPP agreement and that Bank of America breached the terms of the agreement. 446 Fed.Appx. 158 (11th Cir. 2011). The plaintiff sought a declaratory judgment regarding the modification of her loan and the parties' rights and duties under the loan. *Id.* In affirming the district court's dismissal of the plaintiff's complaint, the Eleventh Circuit Court of Appeals held "that nothing express or implied in HAMP gives borrowers a private right of action." *Id.* (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1988)("The intent of Congress remains the ultimate issue, however, and unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.") (quotation marks originally omitted)). In so holding, the Eleventh Circuit sided with the majority of courts that have held that HAMP cannot support a private cause of action. *Id.* (citing *Mosley v. Wells Fargo Bank, N.A.*, 2011 WL 3439243, at *3 (E.D.Va.2011); *Cox v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 2600700, at *3 (D. Minn.2011); *Melton v. Suntrust Bank*, 780 F.Supp.2d 458, 459–60 (E.D.Va.2011); *Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741, 748 (E.D.Mich.2010); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1185 (N.D.Cal.2009); *Thompson v. Thompson*, 484 U.S. 174, 179, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988)).

Likewise, in *Miller v. Chase Home Finance, LLC*, the Eleventh Circuit again affirmed dismissal of a complaint alleging breach of a TPP agreement on the grounds that HAMP does not provide for a private right of action. 2012 WL 1345834, *1 (11th Cir. 2012). In addition, the Eleventh Circuit was concerned that "providing a private right of action against mortgage servicers contravenes the purpose of HAMP—to encourage servicers to modify loans—because it would likely chill servicer participation based on fear of exposure to litigation." *Id.* at *2.

Moreover, in *Ozoria v. Deutsche Bank Trust Co. Americas*, a breach of contract claim asserted pursuant to a TPP agreement was similarly dismissed because "HAMP does not confer a private right of action." 2011 WL 1303270, *2 (S.D. Fla. 2011)(citing *Nelson v. Bank of America, N.A.*, 2011 WL 545817, at *1 (M.D. Fla. 2011); *Zoher v. Chase Home Financing*, No. 10–14135, 2010 WL 4064798, at *3 (S.D. Fla. 2010)).

Plaintiff in this case alleges that he entered into a "loan modification agreement" with AHMSI.[6] However, a letter from AHMSI to Plaintiff, dated February 23, 2010, which was attached as part of composite Exhibit "1" to Plaintiff's Complaint, indisputably establishes that Plaintiff simply entered into a TPP agreement. Where an exhibit contradicts the allegations of a complaint, the exhibits control over the allegations. *Morales*, 755 So. 2d at 198. Therefore, Plaintiff cannot dispute that his causes of action are founded upon a HAMP TPP agreement, not a permanent loan modification agreement. Pursuant to the well established case law cited above, Plaintiff's claims for declaratory judgment and breach contract must be dismissed with prejudice because HAMP does not provide Plaintiff a private right of action. To permit otherwise would not only conflict with existing law, but would result in serious public policy concerns by exposing servicers like AHMSI to litigation and discouraging the modification of loans under HAMP.

### B. Plaintiff Fails to State a Cause of Action for Breach of Contract Because the TPP Agreement is not an Enforceable Agreement.

In addition to the lack of a private right of action under HAMP, Plaintiff's breach of contract claim fails as a matter of law because the TPP agreement at issue is not an enforceable contract. In order to allege the existence of a valid contract, a plaintiff must establish the following: "(1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient

---

[6] *See* Compl. at ¶¶ 5-7.

specification of the essential terms of the agreement." *Senter v. JPMorgan Chase Bank, N.A.*, 810 F.Supp.2d 1339, 1345 (S.D. Fla. 2011)(citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). In *Senter v. JPMorgan Chase Bank, N.A.*, the plaintiff similarly filed a breach of contract claim pursuant to a TPP agreement. *Id.* at 1343. In dismissing the breach of contract claim under the TPP agreement, the court first noted that contract law provides that "the performance of a preexisting duty does not constitute the consideration necessary to support a valid contract." *Id.* (citing *Brinson v. Herlong*, 164 So. 137 (1935)). In finding lack of consideration, the court agreed that

> the Plaintiffs have failed to adequately plead consideration for the purposes of establishing a valid contract. The consideration pled by the Plaintiffs consists primarily of both preexisting obligations arising from the Plaintiffs' mortgage notes....preexisting obligations arising from the Plaintiffs' mortgages include the obligation to provide mortgage payments...

In this case, Plaintiff had a preexisting obligation to make regular payments under the original mortgage loan agreement. Under the TPP agreement, no additional consideration was exchanged by Plaintiff as he had a preexisting obligation to make payments under the mortgage loan. The TPP agreement is therefore unenforceable as Plaintiff has failed to plead or establish this essential term of a valid contract.

Additionally, the TPP agreement is not an enforceable credit agreement pursuant to the Florida Banking Statute of Frauds. A credit agreement is an "agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." Fla. Stat. § 687.0304(1). An agreement by a creditor to enter into a new credit agreement

> does not give rise to a claim that a new credit agreement was created "unless the agreement is in writing, expresses

131093.99999/50432645v.2

> consideration, sets forth the relevant terms and conditions, <u>**and is signed by the creditor**</u> and the debtor."

*Locke v. Wells Fargo Home Mortg.*, 2010 WL 4941456 (S.D. Fla. 2010) (quoting Fla. Stat. § 687.0304(2)-(3)(a); citing *Diaz-Verson v. Bank of Am., N.A.*, 159 F. App'x 71, 73 (11th Cir. 2005)) (emphasis supplied).

The TPP agreement falls within the definition of a "credit agreement" under the statute as it is an agreement to forbear repayment of money. Here, a new credit agreement was not created between AHMSI and Plaintiff because only Plaintiff, not AHMSI, signed the agreement.[7] Consequently, the TPP agreement is unenforceable under the Banking Statute of Frauds and Plaintiff's breach of contract claim must be dismissed with prejudice.

### C. Conclusion

The TPP agreement on which Plaintiff relies cannot support any of Plaintiff's alleged causes of action against AHMSI. HAMP provides no private right of action and to permit otherwise would discourage loan modifications by servicer such as AHMSI. Additionally, the TPP agreement is not an enforceable contract and Plaintiff's breach of contract claim therefore fails as a matter of law. Dismissal of Plaintiff's breach of contract claim requires dismissal of Plaintiff's declaratory judgment claim as there would no longer be a need for a declaration of the parties' rights under the TPP agreement. Plaintiff's Complaint should therefore be dismissed in its totality with prejudice.

**WHEREFORE**, Defendant, AHMSI, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and case against AHMSI with prejudice, and award such other and further relief as this Court deems just and appropriate under the circumstances.

---

[7] *See* Home Affordable Modification Agreement found in composite Exhibit "1" to Complaint.

131093.99999/50432645v.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by facsimile and U.S. Mail on this 22nd day of May, 2012 to: Hector Pagan, Jr., Esq., Hector Pagan, Jr., P.L., 1466 E. Michigan Street, Orlando, Florida 32806, counsel for Plaintiff.

                                              **BLANK ROME, LLP**

                                              By: _____
                                                   MANUEL S. HIRALDO
                                                   Florida Bar No.: 030380
                                                   MHiraldo@BlankRome.com
                                                   1200 North Federal Highway
                                                   Suite 312
                                                   Boca Raton, Florida 33432
                                                   Telephone: 561-417-8100
                                                   Facsimile: 561-417-8101

131093.99999/50432645v.2