**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RODOLFO PENA,**

             **Plaintiff,**

**-vs-**                                          Case No.  6:12-cv-797-Orl-31KRS

**AMERICAN HOME MORTGAGE**
**SERVICING, INC.,**

             **Defendant.**

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 4) filed by Defendant American Home Mortgage Servicing, Inc. ("AHMSI") and a Response (Doc. 10) filed by Plaintiff Rodolfo Pena ("Pena").

Plaintiff initiated this suit in state court on April 12, 2012, it was removed to this Court on May 24, 2012. The Complaint alleges that, pursuant to the Home Affordable Modification Program ("HAMP"), Plaintiff entered into a Loan Modification Agreement ("the Agreement") with Defendant on March 5, 2010. In April 2011 Defendant allegedly breached that Agreement by impermissibly increasing the interest rate from 2% (as was stipulated) to 3.706%. When Plaintiff failed to make payments consistent with this new interest rate, Defendant "repudiated [the Agreement] and is now threatening Plaintiff with instituting foreclosure proceedings." (Doc. 2, ¶ 10).

The Complaint asserts two causes of action: for declaratory judgment (Count I), and breach of contract (Count II). Defendant now moves to dismiss both.

**I. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**II. Analysis**

Defendant's first argument is that there is no private right of action under HAMP for the alleged breach of the "trial period plan" ("TPP")[1] and that no enforceable contract exists under a TPP. Plaintiff essentially concedes this, but responds that he successfully completed the TPP and that the Agreement is a permanent loan modification agreement.

Defendant appears to argue that the Agreement attached to the Complaint is merely an unenforceable TPP agreement. Upon review, however, the Agreement appears to be a loan modification–it is entitled "Home Affordable Modification Agreement"–that is conditioned on the successful completion of the TPP. Specifically, the Agreement provides that it will take effect, and the "Loan Documents will automatically become modified on 5/1/2010 (the Modification Effective Date)" so long as, by that date, "the preconditions set forth in Section 2 have been satisfied." (Doc. 2-1 at 5-6). Section 2 states that, "if prior to the modification date . . . the Lender determines that any of [the borrower's] representations in section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate." (Doc. 2-1 at 5). One of the representations in section 1 is that the borrow has or will "make all the payments required under a Trial Period Plan or Loan Workout Plan." (Doc. 2-1 at 5). Further, section 3 states that if the borrower fails to make "any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect." (Doc. 2-1 at 6). No separate document detailing any such trial period or workout plan is attached to the pleadings.

---

[1] Before a borrower can receive a permanent loan modification under HAMP, he or she must first comply with the terms of the TPP.

Whether or not Plaintiff met the above preconditions is not a proper inquiry at this stage. It is enough to allege, as Plaintiff has, that the Agreement was a valid enforceable contract. Nothing in the attached exhibits clearly contradict these allegations.  The factual disputes raised by Defendant are not properly resolved at this stage. It is therefore,

**ORDERED** that the Motion to Dismiss (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 22, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**